UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BLADIMIR PINEDA PENA,

      Plaintiff,

v.                                          Case No:  2:26-cv-00476-JES-NPM

OSNIEL   MOREJON,   in   his
individual   and   official
capacity,  and ADAM WRIGHT,
in   his   individual   and
official capacity,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of the file. Plaintiff, Bladmimir Pineda Pena ("Pena"), filed this action on February 22, 2026, alleging various constitutional, statutory, and common law claims against Defendants.  (Doc. #1.)  Pena then filed an Amended Complaint with the same Defendants and claims, but with additional factual allegations.  (Doc. #7.)

Federal Rule of Civil Procedure 4(m) requires the plaintiff to serve the defendant "within 90 days after the complaint is filed[.]"  See Fed. R. Civ. P. 4(m).  Where a plaintiff has failed to provide service, a court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Id.  A court must, however, extend the

time for service when the plaintiff shows good cause for failure. Id.

Pena initially failed to serve the defendants by May 24, 2026. See Lindley v. City of Birmingham, 452 F. App'x 878, 879-80 (11th Cir. 2011)(discussing that the deadline to provide service is based upon when the defendant is first named in the complaint).  The Court, however, provided Pena until June 29, 2026, to either effect service, obtain a waiver, or show cause for why proof of service could not be timely filed.  (Doc. #8.)  Even with this additional time, Pena did not file proof of service.

The Court finds no good cause to further extend time to serve process.  Good cause exists under Rule 4(m) "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service."  See Nelson v. Barden, 145 F. App'x 303, 309 (11th Cir. 2005)(citing Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991), *superseded in part by rule as stated in* Horenkamp v. Van Winkle And Co., Inc., 402 F.3d 1229, 1132 n.2 (11th Cir. 2005))(cleaned up).  Pena failed to comply with the Court's previous Order (Doc. #8), nor did Pena provide any reasons

for his failure to serve the Defendants.  Therefore, the case must be dismissed without prejudice.[1]

Accordingly, it is now

**ORDERED:**

(1) The case is **DISMISSED without prejudice** for failure to serve process.

(2) The Clerk is directed to enter judgment accordingly, terminate all pending motions and deadlines as moot, and to close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___30th___ day of June 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

---

[1] If Pena wishes to proceed with these claims he must refile this case under a new case number.

-3-